PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL DUMAS, | ) | |
| | ) | CASE NO. 4:14CV2828 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARK CARFOLO, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Nathaniel Dumas is a state prisoner incarcerated in the Ross Correctional Institution. On December 29, 2014, he filed a civil complaint in the above-entitled action pursuant to 42 U.S.C. §§ 1983 and 1985(2)(3) against parties involved in the criminal case filed against him in the Mahoning County, Ohio Court of Common Pleas (Case No. 2011 CR 00429) in which he was convicted of murder and aggravated robbery with firearm specifications and sentenced to 28 years imprisonment. It appears from the Complaint (ECF No. 1) that Defendant James C. Evans was the judge in Plaintiff's criminal case; Defendants Rebecca Doherty and Jennifer McLaughlin were the prosecutors; Defendant Mark Carfolo was Defense counsel; J. Dean Carro was appellate counsel for Defendant; and Defendant Daryl Martin was a Youngstown police detective involved in the criminal investigation.[1] Plaintiff alleges that he was

---

[1] These are the same defendants that Plaintiff sued in a prior civil action he filed in this Court. *See Dumas v. Carfolo, et al.*, Case No. 4:14CV1742 (N.D. Ohio filed August 8, 2014) (Pearson, J.). While the prior case was pending in this Court, Plaintiff

(continued...)

(4:14CV2828)

wrongfully convicted in the criminal case and that Defendants "conspired against [his] civil, substantial, and U.S. Constitutional rights, by engaging in a pattern of corrupt activity – with malicious purpose, and in bad faith and in a wanton reckless manner – to wrongfully convict [him]." ECF No. 1 at 3 and 5. He alleges numerous intentional violations of his constitutional rights pursuant to this alleged conspiracy, including that exculpatory evidence was intentionally withheld from him and concealed at his trial.

Plaintiff has filed a Motion for Leave to File an Amended Complaint (ECF No. 2), in which he seeks to clarify that the relief he seeks is an order appointing counsel, compensatory and punitive damages, a declaratory judgment that his constitutional rights were violated, and "a preliminary and permanent injunction ordering that a special prosecutor come in to investigate the federal and state [statutes] that were violated by [Defendants]." ECF No. 2 at PageID #: 60-61. The motion is granted. Accordingly, the Court has considered the Affidavit of Facts contained in that motion (ECF No. 2 at PageID #: 59-67) in conjunction with the original pleading.

On February 26, 2015, Plaintiff filed another petition for a writ of mandamus in the Sixth Circuit. In both of his petitions, Plaintiff sought to compel the undersigned to report various alleged transgressions by Defendants in his underlying civil complaints to the proper authorities and entities, who may then further investigate. This second petition was also denied because

---

[1](...continued)
filed a petition for a writ of mandamus in the Court of Appeals for the Sixth Circuit, which was denied. *In re: Nathaniel Dumas*, No. 14-4181 (6th Cir. March 13, 2015).

(4:14CV2828)

Plaintiff had not demonstrated that he was entitled to the extraordinary remedy of mandamus. *In re: Nathaniel Dumas*, No. 15-3161 (6th Cir. April 24, 2015).

## I. Law and Analysis

In that the Court has contemporaneously granted Plaintiff leave to proceed in this case *in forma pauperis*, the Court must screen his complaint under 28 U.S.C. § 1915(e)(2). That statute requires a district court to dismiss *sua sponte* any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Upon review, the Court finds the Complaint (ECF No. 1), as amended, must be dismissed under 28 U.S.C. § 1915(e)(2). Plaintiff's allegations in this case are similar to those he alleged against the same defendants in the prior civil case he filed in this Court. *Dumas v. Carfolo, et al.*, Case No. 4:14CV1742 (N.D. Ohio filed August 8, 2014) (Pearson, J.). In the "Rule 3 Complaint" he filed in that prior action, Plaintiff alleged that his constitutional rights were violated by the defendants in the state criminal proceedings. The Court dismissed Plaintiff's prior case on initial screening under 28 U.S.C. § 1915(e), among other reasons, because the action was barred by the Supreme Court's decisions in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994). *Dumas v. Carfolo, et al.*, Case No. 4:14CV1742 (N.D. Ohio Dec. 22, 2014) (Pearson, J.).

Plaintiff's civil claims in the case at bar, alleged under 42 U.S.C. §§ 1983 and 1985, are likewise barred by *Preiser* and *Heck*. To the extent that Plaintiff seeks monetary damages arising from his allegedly unlawful criminal conviction, he is unable to obtain such damages absent a

3

(4:14CV2828)

showing that his criminal convictions have been overturned. The Supreme Court held in *Heck* that in order to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must first prove that the conviction or sentence at issue was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87. *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at * 1 (6th Cir. May 5, 1998) (injunctive relief). It also applies to claims under §1985. *See Lanier v. Bryant*, 332 F.3d 999, 1005-1006 (6th Cir. 2003) (applying *Heck* to § 1985 claim).

In that Plaintiff does not allege his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his claims against Defendants under §§ 1983 and 1985 relating to his criminal prosecution, conviction, and incarceration fail to state a claim for which relief may be granted and must be dismissed. *Adams v. Morris*, 90 Fed.Appx. 856, 858 (6th Cir. 2004).

In addition, to the extent Plaintiff seeks to have his criminal conviction vacated or set aside, his action fails to state a claim under *Preiser*. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to §§ 1983 and 1985. *See Preiser*, 411 U.S. at 484 ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). The Supreme

4

(4:14CV2828)

Court has recognized "an implicit exception from § 1983's otherwise broad scope for actions that lie 'within the core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 487).

## II. Conclusion

For the reasons set forth above, Plaintiff's complaint, as amended, alleging claims and seeking relief under §§ 1983 and 1985, fails to state a claim on which relief may be granted. Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's request for appointment of counsel is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

| | |
|---|---|
| May 8, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.